**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender:   Daniel Hardcastle                                   Case Number: 4:09CR00222-3 HEA

Name of Sentencing Judicial Officer: The Honorable Henry E. Autrey
United States District Judge

Date of Original Sentence: November 5, 2009

Original Offense: Defendant conspired with others to knowingly and intentionally distribute and posses with the intent to distribute in excess of 100 kg of marijuana.

Original Sentence: 72 months imprisonment and 4 years supervised release

Type of Supervision: Supervised Release                    Date Supervision Commenced: November 14, 2014
Expiration Date: November 13, 2018

Assistant U.S. Attorney: Tiffany G. Becker                    Defense Attorney: J.Christian Goeke

---

**PETITIONING THE COURT**

[X]    To issue a warrant

The probation officer believes that the offender has violated the following conditions of supervision:

**Violation Number**

General Condition: The defendant shall not commit another federal, state, or local crime.

**Nature of Noncompliance**

On October 18, 2016, at approximately 2:15pm, St. Louis Metropolitan Police responded to a report of a female being pushed through a glass door.  The police responded to 4156 Arsenal Street in St. Louis. This residence is divided into two separate apartments.  Marissa Zouglas resides in the downstairs apartment, and Hardcastle resides in the upstairs apartment. The accusation of an assault was filed by Zouglas, stating that Hardcastle pushed her through the glass doorway, causing an injury to her head that required several stiches.

As outlined in the non-compliance summary that was submitted to the Court on November 22, 2016, the details of this incident were included.  Hardcastle was arrested and charged with an Assault 2nd Degree, which is a felony.  He is currently on bond with the state, and is pending a trial on June 5, 2017 at 9 a.m.

On May 10, 2017, the St. Louis Metropolitan Police issued a felony wanted for Hardcastle in an unrelated incident.  He is wanted for questioning in regard to a felony Harassment First Degree Charge.  The police report has been requested, but has not been obtained at this time.

## Violation Number

General Condition: The defendant shall not commit another federal, state, or local crime.

Standard Condition #4:  The defendant shall support his or her dependents and meet other family responsibilities.

## Nature of Noncompliance

Hardcastle has a warrant for his arrest in St. Charles County for Non-Support of his twin daugthers.  According to his ex-wife, Melissa Hardcastle, he has not paid child support since August 2016.  She wanted to make the probation officer aware that there is a warrant for his arrest in this matter.  The warrant was issued on May 5, 2017, with a $33,000 cash only bond.  There is no ten percent authorized.

## Violation Number

Standard Condition #6: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

## Nature of Noncompliance

On March 16, 2017, Hardcastle reported that he obtained employment with Napleton Nissan as a Business Development Manager.  On March 23, 2017, Hardcastle was directed to provide verification for his new job.  On April 6, 2017, Hardcastle reported to the Project EARN Session with no verification of employment.  Harcastle reported that he was terminated due to his criminal record.  Hardcastle stated that he was terminated last week, and failed to contact the probation office.

Hardcastle stated that he found a new job building a deck for a woman in Chesterfield, Missouri.  Hardcastle did not have a name, or address for this employment.  He stated that he found a new partner in Chad Lacey of West County Home Services, LLC to build decks.  Hardcastle has failed to provide any verification for that employment.

## Violation Number

Special Condition: The defendant shall participate in a mental health evaluation and shall follow any recommendations of such and/or shall participate in a mental health program approved by the probation office.

## Nature of Noncompliance

In November 2015, Hardcastle started seeing a personal psychiatrist through his insurance provider.  His psychiatrist was J. Vander Kooi, M.D., who started prescribing Hardcastle with D-Amphetamine Salt

Daniel Hardcastle
4:09CR00222-3 HEA

Combo (Desoxyn), Alprazolam, and Citalopram.  Hardcatle was directed to sign a consent form for his psychiatrist, so that the probation office can verify this prescription medication.  Hardcastle did not sign a consent authorization form so that probation office staff could interview his psychiatrist.

On January 15, 2016, Hardcastle provided a copy of the doctor's prescription for Desoxyn (D-Amphetamine Salt Combo) and Xanax.  On January 24, 2017, Hardcastle again provided a copy of his prescription for Desoxyn, Xanax, and Celexa.  No other prescriptions were provided.

On January 18, 2017, Hardcastle was again directed to sign a consent form for his psychiatrist to talk to with the probation officer regarding his treatment and prescription medications.  Hardcastle agreed, but failed to sign the consent form.  The probation officer has attempted to contact the psychiatrist, but has not been provided any information due to confidentiality laws.  On January 23, 2017, Hardcastle was again directed to sign the consent form, or discontinue the medications.  Hardcastle failed to sign the consent, and continually takes the D-Amphetamine Salt Combo; use of this medication causes urine specimens to show up as a positive reading for the presence of amphetamine and methamphetamine.

On February 16, 2017, Hardcastle was directed to participate in a psychiatric evaluation through Risse Counseling.  Hardcastle was advised that the purpose of this evaluation was to review his current prescription medications and to see if the psychiatrist would recommend the discontinuation of the medications or alternate medications in view of his mental health status and substance dependency.  Hardcastle was advised the recommendations from the new psychiatrist would take precedence as he did not allow probation office staff to discuss his status with his current provider.  Hardcastle had an appointment for the psychiatric evaluation on April 11, 2017 at 11:30 a.m.

On February 22, 2017, Hardcastle admitted that he did not sign the consent form because he did not want his doctor to discover he is on supervised release.  He stated that he would request the doctor start tapering off his D-Amphetamine Salt Combo.

Hardcastle was reminded on numerous occasions of this appointment, and directed to report and follow the new recommendations.  Hardcastle failed to report for the psychiatric appointment, stating that he lost track of time.  Hardcastle continues to report that he is taking the D-Amphetamine Salt Combo which continues to result in positive amphetamine and methamphetamine results in his urine samples.  It does not appear laboratory testing is able to distinguish between the medication and street methamphetamine.  Further testing is being requested from the local and national laboratory to review this information.

On May 4, 2017, Hardcastle was taken into custody by the Project EARN Team, due to his continued use amphetamine and methamphetamine.  He was released to the Southeast Missouri Behavioral Treatment Center in Farmington, Missouri for inpatient substance abuse treatment.  As soon as he was released, he absconded from the inpatient substance abuse treatment center.

## Violation Number

Special Condition: The defendant shall participate in Project EARN and shall attend all required court sessions and abide by all of the rules of the program until released, either by the program team or by

3

Daniel Hardcastle
4:09CR00222-3 HEA

order of the court.  If the Project EARN program team finds that the defendant has violated a program rule, then the team may impose a sanction, including summary jail confinement, for such violation.

## Nature of Noncompliance

On May 15, 2015, Hardcastle entered into the Project EARN Program.  As a condition of the program, Hardcastle is required to participate in Court ordered sessions.  Hardcastle has failed to report for the following sessions: November 3, 2016, February 2, 2017, March 2, 2017, and March 16, 2017.

On May 4, 2017, Hardcastle was taken into custody by the Project EARN Team, due to his continued use of amphetamine and methamphetamine.  He was released to the Southeast Missouri Behavioral Treatment Center in Farmington, Missouri for inpatient substance abuse treatment.  As soon as he was released, he absconded from the inpatient substance abuse treatment center.

On May 11, 2017, Hardcastle was terminated from the program due to his noncompliance.

## Violation Number

Special Condition: The defendant shall participate in a substance abuse treatment program approved by the probation office, which may include substance abuse testing, counseling, Residential Reentry Center placement, residential or inpatient treatment.

## Nature of Noncompliance

Hardcastle is required to participate in weekly Moral Reconation Therapy Group.  He began this program at the U.S. Probation Office on November 15, 2016, due to an arrest for an Assault 2nd Degree. He failed to report on the following dates:  November 15, 2016, December 13, 2016, December 20, 2016, January 3, 2017, January 17, 2017, January 24, 2017, January 31, 2017, February 7, 2017, March 7, 2017, and March 14, 2017.  On March 14, 2017, Hardcastle was terminated from the group for his noncompliance.

Hardcastle was then placed into the Moral Reconation Therapy Group at Risse Counseling.  Hardcastle requested this change, due to Risse Counseling Centers providing the service in the evenings.  He was scheduled to start the group on April 10, 2017.  He failed to report on April 10, 2017 and April 26, 2017.

Hardcastle is required to submit to random urinalysis testing.  He has failed to report for the following urinalysis tests:  December 12, 2016, December 14, 2016, December 21, 2016, December 28, 2016, December 31, 2016, January 4, 2017, January 5, 2017, January 11, 2017, January 29, 2017, February 8, 2017, February 15, 2017, February 28, 2017, March 6, 2017, and March 26, 2017.   All of these positive results have been sanctioned through the Project EARN Team.

## Previous Violations

On November 22, 2016, a non-compliance summary was submitted to the Court outlining Hardcastle's involvement in an incident that resulted in a charge of Assault 2nd degree by St. Louis Metropolitan

PROB 12C (02/17)
Daniel Hardcastle
4:09CR00222-3 HEA

Police Department. No Court action was taken by the Court, and Hardcastle was placed into the Moral Reconation Therapy Program.  He continued to participate in Project EARN.

On April 29, 2015, a petition was submitted to the Court due to Hardcastle's use of illegal substances and failing to report for urinalysis tests.  The Court modified Hardcastle's conditions to include participation in the Project EARN Program.

On March 30, 2015, a non-compliance summary was submitted to the Court due to Hardcastle's use of illegal substances and failing to report for random urinalysis tests.  No Court action was recommended in this matter, and Hardcastle was verbally reprimanded, and directed to report for random urinalysis testing.

On March 4, 2015, a non-compliance summary was submitted to the Court due to Hardcastle's use of illegal substances and drinking alcohol. No Court action was recommended in this matter, and Hardcastle was verbally reprimanded.  Hardcastle's level of drug treatment was increased to weekly sessions.

On January 5, 2015, a non-compliance summary was submitted to the Court due to Hardcastle's use of illegal substances and failing to report for random urinalysis tests.  No Court action was recommended at that time.  Hardcastle was verbally reprimanded, and referred for outpatient substance abuse treatment.

**U.S. Probation Officer Recommendation:** It is respectfully recommended that a warrant be issued in this matter.  Hardcastle has been given ample opportunities to work a substance abuse recovery program, but continues to use amphetamines and methamphetamine.  He also continues to fail to report for random urinalysis testing and Moral Reconation Therapy.

Daniel Hardcastle
4:09CR00222-3 HEA

Hardcastle was directed to enter and complete an inpatient substance abuse program by the Project EARN Team, which he immediately absdconded.  Hardcastle has been directed to provide verification for his prescription medications, or participate in a new psychiatric evaluation.  He has failed to comply with either directive.  Hardcastle remains noncompliant and does not appear to be amenable to supervision.

The Supervised Release should be
      [X]  revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 11, 2017

Approved,                                               Respectfully submitted,

by                                                              by

_____                    _____
John G. Ross                                           Roxanne F. Jolly
Supervising U.S. Probation Officer        Senior U.S. Probation Officer
Date: May 11, 2017                                 Date: May 11, 2017

THE COURT ORDERS:

☐      No Action
☒      The Issuance of a Warrant
☐      The Issuance of a Summons
                  Appearance Date:
                  Appearance Time:
                  Courtroom Number:
☐      Other

_____
Signature of Judicial Officer

5/12/2017_____
Date

6