**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**


| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) No. 4:09-CR-222-HEA |
| | ) |
| **DANIEL HARDCASTLE,** | ) |
| | ) |
| **Defendant.** | ) |


**SUPERVISED RELEASE REVOCATION HEARING**


**BEFORE THE HONORABLE HENRY E. AUTREY**
**UNITED STATES DISTRICT JUDGE**


**JUNE 28, 2017**


**APPEARANCES:**

For Plaintiff:      Anthony L. Franks, AUSA
                    **OFFICE OF U.S. ATTORNEY**
                    111 South Tenth Street, 20th Floor
                    St. Louis, MO  63102

For Defendant:      Michael P. Mahon, AFPD
                    **OFFICE OF U.S. PUBLIC DEFENDER**
                    1010 Market Street, Suite 200
                    St. Louis, MO  63101


REPORTED BY:        Gayle D. Madden, CSR, RDR, CRR
                    Official Court Reporter
                    United States District Court
                    111 South Tenth Street, Third Floor
                    St. Louis, MO  63102      (314) 244-7987
        (Produced by computer-aided mechanical stenography.)

(Proceedings commenced at 11:06 a.m.)

(The following proceedings were held in open court and with the Defendant present.)

THE COURT: This is the matter of United States of America versus Daniel Hardcastle, Case No. 4:09-CR-00222-HEA. The matter is now before the Court for purposes of proceeding on a supervised release revocation hearing. The Court received the violation report from Defendant's probation and parole officer, Ms. Roxanne Jolly, and as a consequence issued a warrant for the arrest of the Defendant resulting from the alleged violations set out in the report. Subsequent thereto, the Defendant was taken into custody and appears in open court this morning with counsel. The Government appears through counsel. Are the parties ready to proceed?

MR. FRANKS: Yes, Your Honor.

MR. MAHON: Yes, Your Honor.

THE COURT: Mr. Mahon, is there an announcement at this time?

MR. MAHON: Yes, Your Honor. At this time, my client has authorized me for the purposes of this hearing, the supervised release hearing, to state to the Court that he admits violation on each of the violations in the report.

THE COURT: Very well. Will you swear in the Defendant?

(Defendant sworn.)

EXAMINATION

BY THE COURT:

Q    Would you state your full name for the record?

A    Daniel Edward Hardcastle II.

Q    All right.  Mr. Hardcastle, did you hear the statement that I made when we started this proceeding?

A    Yes, Your Honor.

Q    And did you hear your attorney's response to that statement just now?

A    Yes, Your Honor.

Q    All right.  So you understand that you now stand before the Court with one Grade A violation, one Grade B violation, and, I believe, four -- five Grade C violations.  Okay.  And in that regard, you have a right to have a hearing on each and every one of those violations, and at the hearing, it would be the obligation of the Government to present evidence as to each violation, and of course, that evidence would have to be sufficient to establish each violation.  If you wanted to put on some evidence at the hearing as well, you would have that opportunity to do that, but you don't have to.

Okay.  At the end of the hearing, if I concluded that the evidence was sufficient to support the violations, I would then enter an order revoking your period of supervised release and sentence you accordingly.  Your sentence would be based on the violation that's the highest grade.  In this instance, it

would be the Grade A violation.

If, on the other hand, you waive your right to a hearing and admit the violations, the admission of the violations would be the basis for the violation and the Government does not have to present any evidence with respect to any of the violations, keeping in mind, though, that at the hearing they don't have to prove all of them. They only have to be able to prove one and be successful in proving one violation. If they were successful at proving the A violation and that was the only violation that they were able to prove, you would be sentenced consistent with that, which would be the higher range of punishment. If they were only successful in proving one of the Grade C violations, you would be sentenced consistent with the range of punishment for a Grade C violation, which would be a lower range.

Okay. Any questions about anything that I've just discussed with you?

A    No, Your Honor.

Q    All right. Is it correct then that in light of my discussion with you as well as your discussion with your attorney that you now want to admit the violations and waive your right to a hearing?

A    It is, Your Honor.

THE COURT: All right. Let the record then reflect that the Defendant admitting the violations, the Court will

enter its order revoking the Defendant's period of supervised release.  Having so concluded, the highest grade of violation would be the Class A, and I know that we had some discussions about this, Counselor.  Is it -- correct me if I'm wrong, but as to the Class A violation, you're still proceeding on that, and as I understand it, the Defendant is going to admit that if there were a hearing the evidence would be sufficient -- that the Government would present -- to substantiate the Grade A violation.  Is that correct?

MR. MAHON:  Yes, Your Honor.

THE COURT:  All right.  As well as his admission of the Grade B and the five Grade C violations?

MR. MAHON:  Yes, Your Honor.

THE COURT:  All right.  Anything you want to add to that, Mr. Franks?

MR. FRANKS:  Yes, yes, Your Honor.  With respect to the A violation, some of the evidence that the Government would present would consist of testimony from the U.S. probation officer who is here today, Ms. Roxanne Jolly, two of the arresting officers in the assault 2nd case from the St. Louis Metropolitan Police Department.  They are also here today.  Officers Rogers and Vorachack.  We have various exhibits that have been marked and already sent to defense counsel, and the alleged victim in that assault is also prepared to testify, and we both -- defense counsel and I both

interviewed -- have both interviewed her and are ready to present her. I'm ready to present her to testify today.

THE COURT: All right.

MR. FRANKS: That is a summary of some of the evidence that would be presented on the A violation.

THE COURT: Very well. Anything you want to add or comment upon at this time on behalf of your client?

MR. MAHON: Your Honor, just to make sure that the record is clear again, in light of everything that Mr. Franks has just said about the evidence that he would present, we do agree and believe that he would present that evidence and that it would be sufficient for the Government to satisfy its burden in this case. Mr. Hardcastle does have a pending case in St. Louis city for the Grade A violation, and we are not commenting on the evidence anymore other than to say that he admits that they could satisfy their burden in this particular hearing.

THE COURT: All right. Very well.

MR. MAHON: Thank you.

THE COURT: That all having been said and noted for the record, the Defendant having been revoked, and the highest grade of violation being an A and the Defendant's criminal history category being a IV, that in turn establishes a guideline provision range of 24 to 30 months. There's also a provision for an additional period of supervised release.

That being noted, do you still want to defer sentencing for a period of time, Counsel?

MR. MAHON:  Yes, Your Honor.

THE COURT:  All right.  Sentencing will be deferred then until August the 1st at 11:30 a.m., and, Mr. Hardcastle, we'll see you back on August the 1st at 11:30, and we'll proceed with the allocution and sentencing at that time.  All right.

MR. MAHON:  Thank you, Your Honor.

THE DEFENDANT:  Thank you.

THE COURT:  All right.  Thank you.  That will conclude this proceeding.

(Proceedings concluded at 11:14 a.m.)

CERTIFICATE

I, Gayle D. Madden, Registered Diplomate Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

I further certify that this transcript contains pages 1 through 7 inclusive.

Dated at St. Louis, Missouri, this 2nd day of August, 2017.

_____

/s/ Gayle D. Madden

GAYLE D. MADDEN, CSR, RDR, CRR

Official Court Reporter