Daniel Hardcastle
Reg. No. 36137-044
FCC-Yazoo City Medium
P.O. Box 5000
Yazoo City, MS 39194- 5000

IN PRO PER

FILED

NOV 1 3 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

RECEIVED

NOV 1 3 2017

BY MAIL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DANIEL HARDCASTLE | § | |
| Petitioner, | § | CASE NO. 4:09-cr-00222-HEA |
| v. | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO *18 U.S.C. § 3582(c)(2)* AND IN CONJUNCTION WITH THE MINUS TWO AMENDMENT 782

**COMES NOW**, Petitioner, Daniel Hardcastle , acting in

pro per, respectfully submits Motion For A Reduction Of Sentence, pursuant to *18 U.S.C. §*

*3582(c)(2)* and in conjunction with the NEW MINUS TWO AMENDMENT 782 that goes into

effect on November 1, 2014 after going retroactive on July 18, 2014. Petitioner further prays

that this Court construe this pleading liberally in light of *Haines v. Kerner*, 404 U.S. 519, 520-

21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), holding that, "pro se litigants are to be held to a lesser

1

standard of review than lawyers who are formerly trained in the law, and are entitled to a liberal construction of their pleadings."

## FACTS

Petitioner is currently incarcerated at the FCC-Yazoo City Medium in Yazoo City, Mississippi. Petitioner is currently serving a _18_ month term of imprisonment with the Bureau of Prisons. Petitioner has been incarcerated since _October of 2016_, with a tentative release date of _August of 2018_. Upon release from this facility, Petitioner has an intense Supervised Release (PROBATION) of _24_ months to serve.

Petitioner was convicted of a Supervised Release Violation. Due to having received no Reduction of his Sentence (Original 72 Month Sentence), Petitioner is entitled for a Reduction of his Sentence from his prior Conspiracy Case (in violation of 21 U.S.C. § 846), and then calculating his new sentence for relief under his Supervised Release violation.

Petitioner's original Base Offense Level at sentencing was _24_ with a Criminal History Category of _III_. (Original Sentence on November 5, 2009).

The District Court made two determinations in deciding whether or not to modify a sentence under *18 U.S.C. § 3582(c)(2)*. Under the first step, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the Petitioner was sentenced. [*U.S.S.G. § 1B1.10(b)*]. The district court determines what sentence it would have imposed had the new sentencing range at the time of the retroactive amendment, been the range at the time of Petitioner's original sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors. [See *U.S. v. Wyatt*, 115

F.3d 606, 609 (8th Cir. 1997)]. Such factors include, inter alia, role in the offense, obstruction of justice, victim adjustments, more than minimal planning and acceptance of responsibility.

In this particular case, Petitioner's NEW BASE OFFENSE LEVEL would be __22__, Criminal History Category __III__. Accordingly, the district court should simply determine the guideline range that would have been in effect *ab initio*. Here, the relevant Guideline Range would be __51__ -to- __63__ months, as opposed to the previous Guideline Range of __63__ -to- __78__ months.

Having established the applicable Amendment Guideline Range, the court next considers the factors contained in *18 U.S.C. § 3553(a)* and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. [**Wyatt**, 115 F.3d at 609; *18 U.S.C. § 3582(c)(2)*]. The factors set forth in *§ 3553(a)* are the following: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentences available; 4) the applicable sentencing range under the guidelines; 5) any pertinent Sentencing Commission Policy Statements; 6) the need to avoid unwarranted sentencing disparities among defendants; and 7) the need to provide restitution to victims. [*18 U.S.C. § 3553(a)*]. Put more succinctly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

In conclusion, pursuant to the Minus Two Amendment 782 to the U.S. Sentencing Guidelines, which was made retroactive and set forth on July 18, 2014, and goes into effect on November 1, 2014, Petitioner respectfully requests that this Court GRANT this Motion For A Reduction Of Sentence, pursuant to *18 U.S.C. § 3582(c)(2)*.

3

Furthermore, pursuant to the RECENT RULING in the SUPREME COURT, in *Pepper v.*
*U.S.*, S.Ct. No. 09-6822, and in conjunction with the *18 U.S.C. § 3553(a)*, factors that Congress
has now instructed: evidence of post-sentencing rehabilitation may be highly relevant to several
of the *§ 3553(a)* factors that Congress has expressly instructed District Courts to consider at
sentencing and/or at resentencing.

THEREFORE, Petitioner has attached his COMPLETIONS/CERTIFICATES, etc., of
all his programming, schooling, employment, Program Review, as well as all completion hours,
etc., showing his exemplary post-sentencing conduct that may be taken into consideration as the
most accurate indicator of "his present purposes and tendencies to change/rehabilitate and to
significantly suggest the period of restraint and the kind of discipline that ought to be imposed
upon him." [See EXHIBIT ONE; see also *Ashe*, 302 U.S. at 55]. Petitioner has also been an
exemplary inmate to Staff and to other inmates.

Accordingly, evidence of Petitioner's post-sentencing rehabilitation bears directly on the
District Court's overarching duty to impose a sentence sufficient, but not greater than necessary
to serve purposes of sentencing, in which, the Court may deem just and proper in GRANTING
more relief. [*18 U.S.C. § 3553(a)*].

President Obama has also commented on, "if they (drug offenders), had been sentenced
under the current law, many of them would have already served their time and paid their debt to
society. Instead, because of the disparity in the law, that is now recognized as UNJUST, they
remain in prison separated from their families and their communities, at a cost of millions of
taxpayer dollars each year." [See New York Times Article, "A Little Christmas Miracle."]

4

## CLOSING

In Petitioner's case, Petitioner was originally sentenced to 72 months with a four year (48 month term) of Supervised Release. Petitioner's new sentencing Base Offense Level Range would consist of 51 to 63 months or the LOW END of the Guidelines (51 months). Petitioner had been incarcerated since March of 2009 at his original sentence, with a tentative release date of November of 2014. In calculating his new sentence pursuant to 18 U.S.C. § 3582(c)(2) and the NEW AMENDMENT 782, that had it been in effect when Petitioner was originally sentenced, Petitioner's new sentence would have been 51 months. In calculating in Petitioner's four year (48 month) Supervise Release term, Petitioner's computation would result in 99 months, having been incarcerated at that time of March 2009, would approximately place Petitioner at a release date of roughly around 2017, including good time. Although Petitioner violated his Supervised Release, that resulted in an 18 month term of imprisonment and an extended 24 month Supervised Release, Petitioner would respectfully request that this Court GRANT a two level reduction from his original sentence, in which he is entitled to, re-calculate his new sentence, then apply a violated term of imprisonment. Petitioner would be entitled to an immediate release and/or an immediate release to a half-way house. Although Petitioner did indeed violate his terms of his Supervised Release, if this Court deems that an extended term of Supervised Release is warranted and/or implemented, Petitioner would be eligible for a reduction of that 24 month extended term.

THEREFORE, based on the foregoing, Petitioner respectfully requests that this Court GRANT a sentence reduction consistent with 18 U.S.C. § 3582(c)(2) and Amendment 782, which would warrant an immediate release and/or an immediate release to a half-way house. Petitioner would also be eligible for a reduction of his extended 24 month term of Supervised Release. Due to Petitiooner's post-sentencing rehabilitation, where Petitioner has been an examplar to both Staff and other inmates, his programming and schooling participation, the length of time already served on his original sentence, the debates in Congress on prison reform where tax-payers are spending millions of dollars to house non-violent drug offenders (warehouse), Petitioner is entitled to relief, all in the interest of justice. See 18 U.S.C. § 3582(c)(2)(holding that the statute GRANTS DISCRETION to a District Court Judge to REDUCE the Term of Imprisonment of a defendant sentenced to "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.)

Any post-sentencing rehabilitation that this court deems just and fair for other relief that may be warranted when entering into a NEW JUDGMENT and COMMITMENT for Petitioner's case.

RESPECTFULLY SUBMITTED on this 1st day of November, 2017.

Daniel Hardcastle/IN PRO PER
Petitioner/Affiant

- 6 -

# CERTIFICATE OF SERVICE

I, ___Daniel Hardcastle___ hereby certify that I have served a true and correct copy of the following:

MOTION FOR REDUCTION OF SENTENCE

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [see ***Houston v. Lack***, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage pre-paid envelope addressed to:

US District Court
Eastern District of Missouri
US Courthouse
   Clerk of the Court

US Attorney's Office
Eastern District of Missouri
US Courthouse

This LEGAL ACTION was deposited in the United States Mail at the FCC-Yazoo City Legal Mail Room, located in Yazoo City, Mississippi. **I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to *28 U.S.C. § 1746*.**

**EXECUTED and SIGNED** on this __1__ day of ____November____, 201 7.

Daniel Hardcastle
Petitioner/IN PRO PER
Reg. No.   36137-044

- 7 -

EXHIBIT 1

REGISTER NO: 36137-044     NAME..: HARDCASTEL          FUNC: PRT
FORMAT.....: TRANSCRIPT     RSP OF: YAM-YAZOO CITY MED FCI

-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP DATE/TIME
YAM   ESL HAS     ENGLISH PROFICIENT            02-05-2010 1310 CURRENT
YAM   GED HAS     COMPLETED GED OR HS DIPLOMA   05-24-2010 0001 CURRENT

-------------------------- EDUCATION COURSES --------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|---|---|---|---|---|---|---|---|
| YAM | RPP1 AIDS AWARENESS | 10-26-2017 | 10-26-2017 | P | C | P | 1 |
| YAZ | RPP1 INFECTIOUS DISEASE AWARE | 07-02-2014 | 07-02-2014 | P | C | P | 1 |
| YAZ RDAP | RPP6 CRIMINAL LIFESTYLE | 06-11-2012 | 07-27-2012 | P | C | P | 89 |
| YAZ RDAP | RDAP-BILLINGS | 02-08-2012 | 01-09-2013 | P | C | P | 500 |
| YAZ RDAP | RPP6 LIFESTYLE BALANCE | 08-27-2012 | 09-14-2012 | P | C | P | 48 |
| YAZ RDAP | RPP6 LIVING WITH OTHERS | 07-30-2012 | 08-24-2012 | P | C | P | 48 |
| YAZ RDAP | RPP6 GOING HOME TO STAY | 09-06-2012 | 09-06-2012 | P | C | P | 3 |
| YAZ RDAP | RPP5 REINTEGRATION W/ SOCIETY | 09-07-2012 | 09-07-2012 | P | C | P | 3 |
| YAZ RDAP | RPP2 PRE-RELEASE GROUP | 09-04-2012 | 09-04-2012 | P | C | P | 3 |
| YAZ RDAP | RPP4 CCC/USPO/AUSA SEMINAR | 06-14-2012 | 06-14-2012 | P | C | P | 1 |
| YAZ RDAP | RPP5 RELEASE REQUIREMENTS | 06-14-2012 | 06-14-2012 | P | C | P | 1 |
| YAZ RDAP | RPP2 DRESS FOR SUCCESS | 06-14-2012 | 06-14-2012 | P | C | P | 1 |
| YAZ RDAP | RPP3 BANKING TUTORIAL | 06-14-2012 | 06-14-2012 | P | C | P | 1 |
| YAZ RDAP | RPP6 HEALTHY/UNHEALTHY STRESS | 06-14-2012 | 06-14-2012 | P | C | P | 1 |
| YAZ RDAP | RPP1 ORIENTATION | 02-08-2012 | 04-04-2012 | P | C | P | 96 |
| BML RDAP | PRERELEASE ANGER MANAGEMENT | 02-14-2011 | 02-28-2011 | P | C | P | 12 |
| BML | PRERELEASE RELEASE REQUIREMENT | 05-06-2010 | 05-06-2010 | P | C | P | 1 |

G0000          TRANSACTION SUCCESSFULLY COMPLETED

RECEIVED

NOV 13 2017

BY MAIL

Daniel Hardcastle
Reg. No. 36137-044

FCC-Yazoo City Medium
P.O. Box 5000
Yazoo City, MS 39194-5000

November 1, 2017

US District Court
Eastern District of Missouri
US Courthouse
Clerk of the Court

RE:  Attached § 3582(c)(2) Motion

Case No. 4:09-cr-00222

Dear Clerk of the Court:

Respectfully I submit this letter in regards to the attached
Motion For A Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2).
Upon receipt, please let me know if there is anything else you need
in regards to my filing/Case.

I appreciate your valued time and help with this pertinent matter.
Should you have any further questions and/or concerns, please feel free
to contact me. I look forward to your prompt response. God Bless you
in all your endeavors. Thank you again. I remain.

Sincerely,

Daniel Hardcastle

cc:  FILE
     ENCLOSURE

dh

:cc