RECEIVED
APR - 8 2020
BY MAIL

United States District Court
Eastern District of Missouri

Daniel Hardcastle,
    Petitioner-Defendant

VS                              Case No. 09-CR-222-HEA

United States of America,
    Respondent-Plaintiff,

## Daniel Hardcastle's Motion for Immediate Release or, in the alternative, Motion for Reduction Pursuant to First Step Act

Comes Now, Daniel Hardcastle, ("Hardcastle") proceeding pro se files these motions, but first asks this court to construe this pursuant to Haines v. Kerner, 404 U.S. 519, (1972). Hardcastle files these motion, in support thereof, Hardcastle now states the following.

## Factual Background

On March 19, 2009, along with an arrest warrant, a three count indictment was filed as to Hardcastle, in which he was charged with two controlled substance offenses and one count

On March 31, 2009, Hardcastle was arrested and on April 9, 2009, he was arraigned and pled not guilty to all three counts. See Doc #51.

On August 6, 2009, after two motions to continue trial, and a revocation of bond, Hardcastle pled guilty to count's one and three. See Doc #134 & 135

On November 5, 2009, Hardcastle was sentenced to 72 months imprisonment, and four years of supervised release, and judgment was issued. See Doc #196 & 200.

Hardcastle was ultimately returned before the district court on August 10, 2017, for revocation of supervised release, in which this court imposed a term of 18 months imprisonment, and two ~~months~~ years of supervised release. See Doc #314 & 315.

On November 13, 2017, Hardcastle filed a motion pursuant to 18 U.S.C. § 3582. See Doc #319.

On February 20, 2018, this court denied Hardcastle's Motion for Reduction in his sentence. See Doc #322.

On October 10, 2019, Hardcastle was arrested

On October 24, 2019, Hardcastle was sentenced to 10 months of imprisonment and no additional supervised release. See Doc #347.

As the Corona Virus continues to fatally spread nationwide, this motion follows.

## Argument

A. This court should grant Hardcastle Immediate Release using it's discretion.

Hardcastle has served over 50% of his current revocation sentence. He simply asks this court to modify his 10 month sentence to time serve and immediately release him, for several reason's.

First, there are factor's available today that this court was unaware of on sentencing on October 24, 2019. Significantly, the Corona Virus Pandemic was not going on, in fact it wasn't heard of on this date. Hardcastle believes that given the current nationwide scare of the Corona Virus, and had this been the current state of our nation, that this court would have found additional imprisonment unwarranted. Of Course, this is further exhibited in this court's order of no additional supervised

release after he completes the 10 months term of imprisonment.

Secondly, Hardcastle is a non-violent, low-level drug offender who has demonstrated and remains disciplinary free while incarcerated.

Third and finally, the cost to warehouse Hardcastle outweighs the need. It cost the Bureau of Prison's in upwards of $3,000 per month to house, cloth, and feed Hardcastle.

Here, the facts are sufficiently clear that the need to continue Hardcastle's imprisonment is contrary to the rule of law. Hardcastle asks this court to review the files and record's regarding Hardcastle's revocation and find that a modification is needed and warranted. Thus, granting Hardcastle to be released immediately.

B. This court should grant relief pursuant to the First Step Act of 2018

On December 21, 2018, President Donald J. Trump signed into law the First Step Act of 2018, Pub. L. 115-135. There are two provisions that are retroactive that provide Hardcastle support for his motion for relief.

Under section 102(b)(1)(A)(i) of the First Step Act, the statute governing good conduct time was amended. Effectively removing the language "up to 54 days at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b)(1). In implementing § 3624(b), the BOP counted the 54 days set forth in the statute against "time actually served" as opposed to the sentence "as imposed," resulting in federal prisoners only receiving 47 days of credit for each year of the term of imprisonment. See Barber v. Thomas, 560 U.S. 474, 477-79, (2010) The First Step Act addressed the Supreme Court's decision in Barber v. Thomas, by removing the language quoted above and replacing it with "up to 54 days for each year of the prisoner's sentence imposed by the court." The retroactivity of this section of the Act took effect on or about July 19, 2019.

Hardcastle essentially argues that he is also eligible for this good conduct time to be applied to all of his previous imprisonments that exceeded 12 months. That is, his original 72 month term and his first revocation term of 18 months. That's 7½ years worth of the increased good conduct time that Hardcastle did not receive. Basic computations clearly show that Hardcastle is missing 52½ days of time credit. Under the First Step Act, Hardcastle ask this court

Next, under section 404 of the First Step Act, it gives retroactive effect to the changes made by Section's 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Pub. L. No. 115-391, § 404, 132 Stat. 5194, 015 (2018). Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may ... imposed sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." The First Step Act also mandates that if a defendant has previously received a reduction pursuant to the Fair Sentencing Act, or who has had a motion for a sentence reduction under 404 of the First Step Act previously denied, that that defendant may not apply a second time.

Hardcastle is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subjected to the statutory penalties under Section 841(b)(1)(A); and those statutory penalties were "modified by Section 2 ... of the Fair Senten...

previous motion for reduction of time, it was not granted.

Today, if sentenced for the same violation of a federal criminal statute, Hardcastle could not have received the same amount of sentence. Thus, the interest of justice requires this court to review the files and records regarding Hardcastle's conviction and asks this court to find that a reduction of sentence is warranted.

## Conclusion

WHEREFORE, against all factual backdrops, all premises considered, Hardcastle respectfully ask this Honorable court to carefully consider each motion herein and find that Hardcastle is entitled to relief.

Respectfully Submitted,

_Dan Hardcastle_
Daniel Hardcastle

# Certificate of Service

I, Daniel Hardcastle, hereby certify that I placed in the hands of institutional staff for mailing a true and correct copy of the documents listed below to be filed in my case, under case number, 09-CR-222-HEA-3, in the United States District Court, at 111 S. Tenth Street, Saint Louis, Missouri, 63102. I further declare that I affixed forever stamps to the envelope.

## Documents

1. Motion for Immediate Release / First Step Act Motion
2. Motion to Expedite / Appointment of counsel motion.
3. This Certificate of Service

April 2nd, 2020
Date of Mailing

Daniel Hardcastle